RODRÍGUEZ, APPELLANT, *v.* REGISTRAR OF MAYAGÜEZ, RESPONDENT.

APPEAL from a Decision of the Registrar of Property Refusing to Record a Deed of Sale.

No. 349.—Decided December 24, 1917.

RECORD OF TITLE—DEED OF SALE—FORMER RECORDS.—A registrar is not justified in refusing to record a deed of sale executed by the record owner of the property because having refused the correction of a defect in the record in the name of the vendor, that is, the record of the title whereby he acquired the property conveyed to the vendee, the acquisition by the vendor is vitiated by a fatal defect which incapacitated him from conveying the said property, for the legal status created by records once made must be respected until modified in some manner known to the law. An attempt on the part of the registrar to pass upon the validity of another instrument already recorded constitutes an invasion of the exclusive province of the courts.

The facts are stated in the opinion.
*Mr. Angel A. Vázquez* for the appellant.

The respondent appeared *pro se.*

MR. JUSTICE HUTCHISON delivered the opinion of the court.

In 1909 a deed executed by an attorney in fact was recorded in the Registry of Property of Mayagüez subject to a curable defect in that the power of attorney was neither attached to the instrument of conveyance nor copied into the same.

In the recent case of *Agostini* v. *Registrar,* this Court affirmed a ruling in which the registrar held that the power of attorney submitted to him with a view to curing the defect in question was itself defective and insufficient for the purpose indicated, in that the same did not clearly identify the property, description of which was attempted therein.

The present appeal is from an endorsement refusing admission to a conveyance executed by the record owner of the property, "because having refused correction of the defect mentioned in the 8th inscription of the property in question, that is, the entry whereby the vendor acquired the property conveyed to the vendee, by reason of the insufficiency of the power of attorney executed by the predecessor in interest of Mrs. Agostini, unrectified by the affidavit attached thereto, as shown by the marginal note to said inscription, the acquisition by the vendor, Mr. Agostini, is vitiated by a fatal defect which incapacitated her to transfer in turn the same property."

In the *Estate of Blanco* v. *Registrar,* 16 P. R. R. 64, upon presentation of certified copies of a judgment and order, certain entries were cancelled, subject to the curable defect that it did not appear that the judgment ordering such cancellation had become final. Correction of this defect was afterwards refused because the certificate showing that the judgment had become final also showed that it was not in fact final at the time of the entry made in pursuance thereof, and so, in the opinion of the registrar, rendered null and void the cancellation upon the record. This court then held that the legal status created by entries once made must be respected

until modified in some manner known to the law; that the registrar should have confined himself to a determination of whether or not the effect of the document presented to his consideration was to cure .the defect noted on the record, and that the attempt to pass upon the validity of another instrument already recorded constituted an invasion of the exclusive province of the courts. That decision was based upon an express statutory provision, still in force, quoted in full in the opinion.

In the case at bar appellant and all the world are informed by the registry not only that the record title of the vendor is subject to .a curable defect but also that an attempt to cure the same has failed. The validity of that title, as shown by the power of attorney involved in *Agostini* v. *Registrar* and by the entry of record in regard thereto, depends upon a question of identity of certain property, sale of which by an attorney in fact was authorized, and not upon a question of capacity of the attorney in fact to convey, as argued by the registrar. The defect may be cured at any. time by public instrument showing that the house, description of which is attempted in the power of attorney, is the same house sold by the attorney in fact and now after resale sought to be recorded in the name of appellant. Notice to all persons dealing with the property that the fact may be otherwise and that the matter is at least open to doubt would seem to be enough. It is quite conceivable that just such cases as the present, where all parties concerned apparently know the facts and prefer that a technical flaw in the record title should remain rather than go to the trouble and expense of correcting it at once, were in the mind of the legislature when, in order to save unnecessary inconvenience, hardship and delay, it ordained that defects capable of correction "shall not constitute a legal ground for refusing to record or to enter any document presented which constitutes a muniment of title or constitutes or removes a charge against real estate," and that "the record of any such document shall contain a refer-

ence to the defects in it, and if at any subsequent time a document be presented for the purpose of curing the defects existing in the previous document it shall be recorded and a marginal note of the correction of the defect shall be made on the record or entry of the first document."

The ruling of the registrar should be reversed and the case remanded with instructions to record the deed in question, subject to the curable defects mentioned in the preceding entries.

*Reversed.*

Justices Wolf and del Toro concurred.
Chief Justice Hernández and Justice Aldrey absent.